JAP:TJS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

KULWINDER KAUR, also known as
   "Surjit Kaur" and
MANGAL SINGH,

                Defendants.

- - - - - - - - - - - - - - - - - -X

M10- 686

C O M P L A I N T

(T. 18, U.S.C. §§ 1544 and 2)

EASTERN DISTRICT OF NEW YORK, SS:

      ROBIN ANDERSON, being duly sworn, deposes and says that she is a Special Agent with the Diplomatic Security Service, duly appointed according to law and acting as such.

      Upon information and belief, on or about June 15, 2010, within the Eastern District of New York and elsewhere, the defendants KULWINDER KAUR, also known as "Surjit Kaur" and MANGAL SINGH did willfully and knowingly use, and attempt to use, a passport issued or designed for the use of another and willfully and knowingly furnish, dispose of and deliver a passport to any person, for use by another than the person for whose use it was originally designed.

      (Title 18, United States Code, Sections 1544 and 2)

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

1.    My information comes from a joint investigation of the Department of State and the United States Customs and Border Protection agency ("CBP").

2.    On or about June 15, 2010, the defendants KULWINDER KAUR, also known as "Surjit Kaur," and MANGAL SINGH arrived at J.F.K. International Airport in Queens, New York, on Egypt Air Flight No. MS985 from Cairo, Egypt.

3.    The defendants were stopped by a roving team of Customs and Border Protection ("CBP") Officers. They presented themselves as father and daughter. The defendant KULWINDER KAUR presented to a Customs and Border Protection Officer a United States passport. The passport was issued to "Surjit Kaur," and bore passport number 447822072 and a photograph resembling KULWINDER KAUR. The defendant MANGAL SINGH presented a United States passport bearing the name MANGAL SINGH and passport number 447663788. A check of Immigration and Customs Enforcement databases indicated a lookout on each of those passports. As a result, the defendants were selected for secondary inspection.

4.    CBP Officers questioned KULWINDER KAUR, who was unable to answer routine questions. KAUR could not recall her phone number. She indicated that she had been in the United States for ten years, but had very limited knowledge of English. KAUR was then shown a picture associated with the passport for "Surjit Kaur" stored in an Immigration and Customs Enforcement database. KAUR said she did not know who the individual was.

3

5. KAUR was then confronted with inconsistencies in the interview. She then admitted, in sum and substance, that her name is KULWINDER KAUR and that the passport she had used is not hers and that she is an Indian citizen.

6. CBP Officers confronted the defendant MANGAL SINGH with KAUR's confession. SINGH admitted, in sum and substance, that he was aware KAUR's name was KULWINDER KAUR, not "Surjit Kaur." He stated he was helping her come to the United States, but that he took no money for it. CBP Officers then placed the defendants under arrest and notified the Diplomatic Security Service ("DSS").

7. After receiving <u>Miranda</u> warnings, KAUR told DSS agents, in sum and substance, that her name was KULWINDER KAUR and that the passport she was using was not hers. She met MANGAL SINGH in India and traveled with him to Thailand. She indicated that SINGH had told her that she would come to the United States using someone else's passport. SINGH also stated that he would provide her with a job in a restaurant in the United States, so that she can pay SINGH. She indicated that she'd already paid SINGH 2 Lakh Rupees and she owed SINGH 11 Lakh Rupees.

8. After receiving <u>Miranda</u> warnings, SINGH told DSS agents, in sum and substance, that his daughter's name is Surjit Kaur and that the passport KULWINDER KAUR had used belonged to his daughter. He indicated that KULWINDER KAUR was not his daughter. He stated that he had brought the passport bearing the name "Surjit Kaur" to India to give to KULWINDER KAUR. He

4

originally stated that this was the first time he had brought someone into the United States using his daughter's passport. He later stated that he had previously brought other women into the United States using his daughter's passport.

WHEREFORE, your affiant respectfully requests that the defendants KULWINDER KAUR, also known as "Surjit Kaur," and MANGAL SINGH be dealt with according to law.

ROBIN ANDERSON
Special Agent
Diplomatic Security Service

Sworn to before me this
16th day of June, 2010

dge
k